IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| AGRICULTIVE LLC, | ) |
| Plaintiff, | ) Case No. _____ |
| v. | ) Declaratory Relief Requested |
| JURE MARKIC, | ) Demand for a Jury Trial |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND PATENT NON-INFRINGEMENT**

Plaintiff Agricultive LLC, ("Plaintiff") brings this Complaint for Declaratory Judgment on patent invalidity and patent non-infringement against Defendant Jure Markic ("Markic" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This matter stems from allegations of patent infringement of U.S. Patent 12,070,016 ("'016 Patent) by Defendant against Plaintiff. Ex. 1.

2. Plaintiff brings this civil action seeking a declaratory judgment of patent invalidity of the '016 Patent.

**PARTIES**

3. Plaintiff is a limited liability company organized under the laws of Florida and has a principal place of business at 1850 Cornerview Lane,

Orlando, FL 32820.

4. Plaintiff is a seller of, among other things, automatic chicken coop doors.

5. Plaintiff sells its automatic chicken coop doors though Amazon.com.

6. Plaintiff has offered for sale its automatic chicken coop doors on Amazon.com since at least September 2021.

7. Plaintiff sells its automatic chicken coop doors though its website – farmlite.store.

8. Plaintiff disclosed its automatic chicken coop doors on its website – farmlite.store – at least as early as September 16, 2021.

9. Plaintiff has offered for sale its automatic chicken coop doors on farmlite.store since at least September 16, 2021.

10. Defendant Markic is an individual who is a resident of Slovenia and has the address Zgornja Jevnica 2, Kresnice, Slovenia, 1281.

11. On information and belief, Defendant is the owner of Run-Tiger, LLC ("Run-Tiger"), a Slovenian company having an address of Vilharjeva 38, Ljubljana, Slovenia 1000.

12. On information and belief, Defendant is the business director for Run-Chicken, Inc. ("Run-Chicken"), a corporation organized under the laws of

the state of Florida and having an address of 1317 Edgewater Dr. #6898, Orlando, Florida 32804.

13. Markic has accused Plaintiff of infringing the '016 Patent based on Plaintiff's sales and offers for sale of its automatic chicken coop doors on Amazon.com. Ex. 2.

14. Markic has identified the ASINs below as being infringed by Plaintiff:

Amazon Standard Identification Numbers (ASINs) of Accused Products:

| B0DHVDZ744 | B0D59Q8XNN | B0CWXWX52L | B0DN1PSWYQ | B0F8VSDS52 |
|---|---|---|---|---|
| B0F7155G39 | B0FJ7RQ6RB | B0DMYZ9C5W | B0DP2CX9VW | B0D6RGYJ9Q |
|  |  |  |  |  |
|  |  |  |  |  |

Ex. 3.

15. On information and belief, Defendant, Markic, is the owner of the '016 Patent.

16. On information and belief, Markic manufactures and sells chicken coop doors though Run-Tiger and Run-Chicken.

17. On information and belief, Defendant engages in the business of manufacturing, marketing, and selling automatic chicken coop doors through Run-Tiger and Run-Chicken on at least Amazon.com.

## JURISDICTION AND VENUE

18. This action arises under the Declaratory Judgment Act of 28 U.S.C. § 2201 *et seq.*, and the laws of the State of Florida.

19. This Court has subject matter jurisdiction over the federal law claims in this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

20. This Court has personal jurisdiction over Plaintiff insofar as it is a Florida corporation with its principal place of business within this District.

21. This Court also has personal jurisdiction and venue over the parties under 28 U.S.C. §§ 1391 and/or 1400.

22. Defendant, Markic, has directed allegations of patent infringement against Plaintiff, a Florida resident of this jurisdiction, inter alia, by seeking to enjoin Plaintiff's business by reporting Plaintiff is an alleged infringer of the '016 Patent through a private, third-party tribunal (as discussed below).

23. Markic's patent infringement allegations has caused significant legal and business consequences for Plaintiff in the state of Florida.

24. Markic regularly conducts business in Orlando, Florida at least through Run-Chicken, which is a Florida corporation having an address in Orlando.

25. Jurisdiction and venue is also proper under the Fla. Stat. § 48.193(6) and (1)(a)(2). By initiating the infringement proceedings with

Amazon and threatening declaratory judgment stemming from patent infringement against Plaintiff, a Florida entity, Defendant availed himself to the laws of the state of Florida knowing his actions would harm Plaintiff in this district, are directed at Plaintiff in Florida, and prejudice Plaintiff's ability to conduct business in Florida.

26. Venue in this judicial district is proper, inter alia, as a substantial part of the events giving rise to this declaratory judgment claim occurred in this judicial district. As explained below, the legal rights that were violated as complained of herein exist in Florida.

## FACTUAL ALLEGATIONS

27. Plaintiff sells its chicken coop door products ("Accused Products") through Amazon.com with the ASINs B0FJ7RQ6RB; B0D2BK9RKK; B0CFHWVCB3; B0C76GC9B3; B09HV8KNV4, but not the other ASINs identified by Markic.

28. An exemplary photograph of the Accused Products is shown below:



29. Plaintiff has offered for sale at least one of the Accused Products on Amazon.com as of September 2021.

30. Plaintiff disclosed at least one of the Accused Products on Amazon.com as of September 2021.

31. Plaintiff has offered for sale at least one of the Accused Products on farmlite.store as of September 16, 2021.

32. Plaintiff disclosed at least one of the Accused Products on farmlite.store as of September 16, 2021.

33. Plaintiff sold at least one of the Accused Products on Amazon.com at least early as January 2022.

34. Defendant contends that the Accused Products are covered by claim 1 of the '016 Patent.

35. On information and belief, through Run-Tiger and Run-Chicken, Defendant sold or offered for sale products covered by claim 1 of the '016 Patent at least as early as February 10, 2021.

36. The '016 Patent was filed as U.S. Patent Application Serial No. 18,089/375 on December 27, 2022.

37. U.S. Patent Application Serial No. 18,089/375 claims priority to U.S. Patent Application Serial No. 17/675,662, which was filed on February 18, 2022.

38. The earliest priority date for the '016 Patent is February 18, 2022.

39. The Accused Product was publicly disclosed prior to the effective filing date for the '016 Patent.

40. Defendant publicly disclosed Defendant's product more than one year prior to the effective filing date for the '016 Patent.

## COUNT I
## Declaratory Judgment of Invalidity of U.S. Patent No. 12,070,016

41. Plaintiff incorporates and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

42. An actionable and justiciable controversy exists between the parties regarding the validity of claim 1 of the '016 Patent.

43. 35 U.S.C. § 102(a) states in relevant part: "A person shall be entitled to a patent unless … the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise avilable to the public before the effective filing date of the claimed invention.

44. 35 U.S.C. § 102(b) states in relevant part: "A disclosure made 1 year or less before the effective filing date of a claimed invention shall not be prior art to the claimed invention under subsection (a)(1) if … the disclosure was made by the inventor or joint inventor or by another who obtained the subject matter disclosed directly or indirectly from the inventor or a joint inventor…."

45. To the extent the Accused Products are covered by claim 1 of the '016 Patent, claim 1 is invalid for at least the reason that it was publicly disclosed through Plaintiff's sales or offers for sale of the Accused Product prior to the effective filing date for the '016 Patent.

46. Claim 1 is further invalid for at least the reasons that it was publicly disclosed through Defendant's sales and offers for sale prior to more than 1 year before the effective filing date for the '016 Patent.

47. A judicial declaration is necessary to determine the parties' respective rights regarding the '016 Patent.

48. Plaintiff is entitled to a judgment declaring that the '016 Patent is invalid.

## COUNT II
## Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,070,016

49. Plaintiff incorporates and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

50. An actionable and justiciable controversy exists between the parties regarding the infringement of claim 1 of the '016 Patent.

51. An invalid patent claim cannot be infringed.

52. In that claim 1 of the '016 Patent is invalid, the Accused Products do not infringe claim 1 of the '016 Patent.

53. A judicial declaration is necessary to determine the parties' respective rights regarding the '016 Patent.

54. Plaintiff is entitled to a judgment declaring that claim 1 of the '016 Patent is not infringed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A. Declaring the '016 Patent to be invalid;

B. Declaring that the Plaintiff has not and does not infringe the '016 Patent;

C. Permanently enjoining the Defendant and its managers, members, officers, directors, employees, agents, licensees, representatives,

9

affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or concert with any of them, from further acts of wrongful assertion of the '016 Patent, including against Plaintiff;

    D.    Finding that this is an exceptional case, pursuant to 35 U.S.C. § 285, and awarding Plaintiff's reasonable attorneys' fees; and

    E.    Granting any such other and further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

DATED: December 2, 2025

        **SAUL EWING LLP**

        */s/ Jillian C. Postal*
        **Jillian C. Postal**
        Fla. Bar No. 1011576
        701 Brickell Avenue, 17th Floor
        Miami, Florida 33131
        Telephone: (305) 428-4500
        E-mail:    jillian.postal@saul.com
                      cindy.carhartt@saul.com
                      litigationdocketing@saul.com

        *Counsel for Plaintiff*